# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-50887
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 9, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Andres Zapata-Reyes,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-289-1

———————————————————————

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Andres Zapata-Reyes appeals the sentence imposed after his guilty plea conviction for illegal reentry subsequent to removal, pursuant to 8 U.S.C. § 1326(a) and (b)(2). Zapata-Reyes contends, for the first time on appeal, that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor,

———————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

rather than as an element of the offense.  Zapata-Reyes concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for future review.  In addition, he has filed an unopposed motion for summary disposition.

The sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).   Because Zapata-Reyes' contention is clearly incorrect "as a matter of law [and] there can be no substantial question as to the outcome of the case," summary disposition is proper. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, Zapata-Reyes's motion is GRANTED, and the judgment of the district court is AFFIRMED.